EDWARDS, Judge.
Leon Naquin & Son, Inc. brought this suit against Alvin Clause, d/b/a The Foundry, to collect $4,876.11 representing unpaid electrical services performed in renovating defendant’s nightclub. The trial court rendered judgment in favor of plaintiff. Defendant has appealed.
Plaintiff is in the electrical contracting business with its principal place of business in Thibodaux, Louisiana. The defendant is the owner and operator of a nightclub in that city known as “The Foundry” which is housed in an old building renovated especially for that purpose. This suit arises out of the renovation of the building.
Sometime in the later part of 1974, plaintiff was approached by Mickey Kyzar, a then employee and agent of the defendant, regarding the electrical work required in the renovation. It was orally agreed between plaintiff and defendant’s agent, Ky-zar, that plaintiff would perform whatever electrical work was required on a time and materials basis. Plans for the job were prepared by plaintiff, but no charges were made for this service.
Shortly after the electrical work began, plaintiff furnished, in answer to defendant’s request, a “rough” estimate for the electrical service. This estimate was $14,-000.00 to $17,000.00 with a variance of a couple of thousand dollars either way. As the job progressed however, an additional $3,500.00 or $4,000.00 was added in changes and additions.
By stipulation of counsel, it was agreed that all invoices, work sheets and slips for work done by plaintiff would be introduced into the record. It was further stipulated “that all work, material and equipment shown on said documents was actually furnished and incorporated in the electrical work done on said building and all of said electrical work was done in a proper and satisfactory manner.” Additionally, it was agreed that plaintiff’s total charges for work and materials amounted to $20,904.96 of which sum defendant paid $15,973.69 plus a credit of $55.16 leaving a balance due of $4,876.11 — the amount sued upon.
Finally, counsel stipulated that there was only two issues involved in this suit, to-wit: (a) the reasonableness or fairness of the charges made by plaintiff for the material and equipment; and (b) whether or not a contract was entered into between the parties for the work, or whether the claim was one in quantum meruit.
The trial court held that the parties had entered into an oral time and materials contract, with Kyzar acting as defendant’s agent; and that plaintiff’s charges, including a 22% profit, were reasonable.
Defendant contends that the trial court’s holding is erroneous and that the amount of the award should be reduced by one-half.
The testimony in the record establishes conclusively that the parties entered into an oral time and materials contract for the electrical renovation of the Foundry building.
*1296 Insofar as the reasonableness of the plaintiff’s charges is concerned, there is substantial evidence in the record to support the trial court’s conclusion. Plaintiff’s vice-president, Clyde Naquin, Jr., testified regarding the method of mark-up on materials, using the National Pricing Service Catalog, in order to attain anticipated profits. Additionally, Naquin listed the various expenses which constituted plaintiff’s overhead. Finally, he stated that plaintiff anticipated making profits on a time and materials job in the area of 20% to 25%, and that the actual profit on the Foundry job was 22%.
Naquin’s testimony regarding the method of mark-up and anticipated profits was completely corroborated by the testimony of E. J. Plaisance, a competing electrical contractor. This contractor stated that he uses the same method of mark-up; and that he expects to make a profit of 25% on time and materials jobs.
The only contradiction, if indeed it is a contradiction, is contained in the testimony of defendant’s nephew, Lynn Clause, an electrical contractor from Jefferson Parish. Mr. Clause quoted McGraw-Hill to the effect that the average national profit for electrical contractors was 10%. He stated that a profit of 22% would be high, but at the same time revealed that his average profit, of approximately 15% was above the national average.
The trial judge stated in his written reasons that he discounted Clause’s testimony because of the differences of size and locale of Clause’s business when compared with plaintiff’s operation. Instead, the trial court chose to rely on the corroborated testimony of plaintiff’s witnesses. We do not view this as error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the reasons assigned, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.